**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| CASIMIR P. WIESZCZEK, IV, | : | Case No. 1:21-cv-520 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JULLIETTE GAFFNEY DAME, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 24). Plaintiff responded in opposition (Doc. 25), and Defendants replied in support (Doc. 26). Thus, this matter is fully briefed and ripe for review. For the reasons provided below, Defendants' Motion for Summary Judgment (Doc. 24) is **GRANTED.**

### FACTS

In August 2018, Plaintiff, Casimir Wieszczek, IV, learned that the mother, Brook Logan, of his child, A.L., was homeless and suffering from substance abuse. (Wieszczek Dep., Doc. 15, Pg. ID 59.) She wanted Plaintiff to take custody of A.L. (*Id.*) Plaintiff then hired Defendant Juliette Gaffney Dame, attorney at Defendant Rittgers & Rittgers, LLC, to represent him in the child custody proceeding in Warren County Court of Common Pleas. (*Id.* at 58.) At that time, Plaintiff was stationed at Camp Lejeune, North Carolina in a deployable infantry unit in the U.S. Marine Corps. (Compl., Doc. 1, ¶¶ 10-11.) Due to Plaintiff's situation, his mother, Rene Mayer, took temporary, emergency custody of A.L.

1

(*Id.*)

Plaintiff wanted full custody of A.L., but Gaffney Dame informed him how difficult that would be due to him living out of state. (Wieszczek Dep., Doc. 15, Pg. ID 66.) Plaintiff also "wanted to make a career of the military" at that time and "would not want custody of [A.L.] until [he] was out of the military." (*Id.* at 62.) Therefore, the parties determined that the best strategy was for Mayer to obtain custody of A.L. and allow Plaintiff visitation. (*Id.* at 64.) Gaffney Dame and Plaintiff's mother's counsel, Aaron Aldridge, discussed the plan with their clients, and Plaintiff agreed that this was the proper strategy. (*See* March 10 Email Correspondence, Doc. 15-5, Pg. ID 142; *see also* April 24 Email Correspondence, Doc. 15-6, Pg. ID 145.)

The child custody trial was originally set for May 7, 2019. (Juvenile Court 2019 Order, Doc. 15-8, Pg. ID 157.) Plaintiff could not attend. (Wieszczek Dep., Doc. 15, Pg. ID 67.) That said, instead of a trial, Mayer and Logan submitted an Agreed Entry to the Warren County Juvenile Court on August 28, 2019. (Agreed Entry, Doc. 15-12, Pg. ID 168.) The Agreed Entry outlined that the parties agreed to co-parent. (*Id.* at 169.) Both parties would be residential and legal custodians of A.L. (*Id.*) Logan's visitation was limited (*Id.*) The Agreed Entry allowed Logan to eventually have overnight visits with A.L., if she satisfied certain criteria. (*Id.*) Logan was required to complete drug treatment, maintain a residence, refrain from drug use, and maintain full-time employment. (*Id.*) Under the Agreed Entry, Plaintiff would have any parenting time with A.L. as agreed to by Mayer. (*Id.*) If Plaintiff was in Ohio, he could also exercise his parenting time during what would otherwise have been Logan's time. (*Id.*)

2

Tragically, A.L. was allegedly molested by Logan's boyfriend during one of her agreed-to overnight visits in January 2020. (Wieszczek Dep., Doc. 15, Pg. ID 76-77.) Plaintiff had just reenlisted against the advice of Gaffney Dame. (*Id.* at 82-83.) In fact, Gaffney Dame urged Plaintiff many times to revoke his re-enlistment and return to Ohio. (Compl., Doc. 1, ¶ 21, 24.) Plaintiff could not terminate his re-enlistment, so Gaffney Dame then filed a petition on behalf of Plaintiff for custody of A.L because she believed that the alleged sexual abuse constituted an adverse change of circumstances to one of the custodial parties, Logan. (*See id.* at ¶ 24; *see also* Gaffney Dame Dep., Doc. 17, Pg. ID 328.) Gaffney Dame believed that Ohio law supported the petition. (*Id.*)

The matter was set for a one-day trial in August 2020. (Juvenile Court Trial Order, Doc. 15-23, Pg. ID 242.) Plaintiff and Gaffney Dame presented their case to move A.L. to North Carolina. (Wieszczek Dep., Doc. 15, Pg. ID 82.) But Warren County Magistrate Judge Jeffrey Stueve determined it would not be in A.L.'s best interest to be moved out of Ohio. (Magistrate Judge Trial Order, Doc. 15-23, Pg. ID 256-57.) In fact, Magistrate Judge Stueve determined that the Agreed Entry constituted Plaintiff relinquishing his exclusive custody of rights of A.L. (*Id.* at 253.) Therefore, Magistrate Judge Stueve denied Plaintiff's motion for legal custody. (*Id.* at 258.) He instead granted Mayer's motion for legal custody and placed A.L. in Mayer's custody. (*Id.* at 260.)

Plaintiff challenged Magistrate Judge Stueve's findings. (Order Overruling in Part Wieszczek Objections, Doc. 15-25, Pg. ID 265.) Warren County Juvenile Court Judge Joseph Kirby agreed with Magistrate Judge Stueve and determined that Plaintiff relinquished his sole custody rights to A.L. per the Agreed Entry. (*Id.* at 266-67.) Judge

Kirby then stated that he agreed that "moving the child to North Carolina would have a significant impact on the child, disrupting attachments she has created with [Mayer's] home over the past two (2) years." (*Id.* at 267.) Finally, Judge Kirby determined that, because "[t]he [c]ourt [was] unwilling to upset the child's stability," A.L. would remain in Mayer's custody. (*Id.*) Plaintiff appealed Judge Kirby's Order to the Twelfth Appellate District of Ohio, and Judge Kirby's determinations were affirmed. (Appeal Order, Doc. 15-27, Pg. ID 270, 282.)

Plaintiff filed this action on August 16, 2021. (*See* Compl., Doc. 1.) Defendants timely answered (Doc. 5) and Judge Timothy Black held a preliminary pretrial conference on January 18, 2022. (*See* January 18, 2022-Minute Entry and Notation Order.) Judge Black entered a Calendar Order (Doc. 7), which outlined all relevant discovery deadlines, including expert discovery deadlines. Plaintiff needed to produce expert designations and reports by August 1, 2022. (Calendar Order, Doc. 7, Pg. ID 37.) This matter was then transferred to this Court, and the parties jointly moved to amend the Calendar Order. (Joint Motion to Amend Case Calendar Order, Doc 13.) The parties only requested extensions of the discovery cut-off deadline and the dispositive motions deadline, not Plaintiff's expert designations and reports deadline. (*Id.* at 49.) The Court granted the motion and amended the Calendar Order as requested. (*See* Amended Calendar Order.) To date, Plaintiff never submitted expert reports to Defendants. (*See* Pl. Response in Opp., Doc. 25, Pg. ID 845.)

## LAW

Courts must grant summary judgment if the record "reveals that there is no

4

genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing Fed. R. Civ. P. 56(c)). Once the movant has met its initial burden of showing that no genuine issue of material fact remains, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the nonmovant must present "significant probative evidence . . . on which a reasonable jury could return a verdict" in their favor. *Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009).

The court "must view the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007). This requirement, however, does not mean that the Court must find a factual dispute where record evidence contradicts unsupported allegations. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). "If a moving party fulfills its burden of demonstrating that no genuine issue of material fact exists, the nonmoving party, to receive a trial, must present some significant probative evidence creating a factual dispute." *Stratienko v. Cordis Corp.*, 429 F.3d 592, 597 (6th Cir. 2005).

## ANALYSIS

Plaintiff raises two bases for recovery: (1) Defendants committed legal malpractice when Defendants failed to properly protect Plaintiff's custody rights, and (2) Defendants committed legal malpractice by negligently handling Plaintiff's custody proceedings.

5

Under each theory, Plaintiff argues that Gaffney Dame committed legal malpractice when she recommended Plaintiff sign the Agreed Entry, which led to Plaintiff relinquishing his exclusive right to custody of A.L. The Ohio Supreme Court has held that to establish legal malpractice these elements must be proved: "(1) an attorney-client relationship, (2) professional duty arising from the relationship, (3) breach of that duty, (4) proximate cause, (5) and damages." *Shoemaker v. Gindlesberger*, 887 N.E.2d 1167, 1169-70 (Ohio 2008). "If a plaintiff fails to establish genuine issue of material fact as to any of the elements, the defendant is entitled to summary judgment . . ." *Id.* at 1170.

Expert testimony is generally required about professional standards of performance. *McInnis v. Hyatt Legal Clinics*, 461 N.E.2d 1295, 1297 (Ohio 1984). "Expert testimony is required so that the trier of fact does not have to speculate on the standard of care, particularly in complex cases which are normally not within the realm of understanding of the layman." *Kent's Excavating Servs. v. Leneghan*, 89 N.E.3d 79, 84 (Ohio Ct. App. 2017) (cleaned up).

Yet expert testimony is not necessary when "the claimed breach of professional duty is well within the common understanding of the laymen on the jury." *McInnis,* 461 N.E.2d at 1297. A breach of a professional duty falls within this exception when "the breach or lack thereof is so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of lay people." *Rice v. Johnson*, No. 63648, 1993 WL 328733, at *4 (Ohio Ct. App. Aug 26, 1993). Defendants argue that they are entitled to summary judgment because Plaintiff failed to provide expert evidence

6

as required by Ohio law.[1] Plaintiff disagrees, arguing that Defendants' breach satisfies the exception and expert testimony is not necessary. The Court agrees with Defendants.

Gaffney Dame's alleged breach of her professional duty falls outside the common understanding of laymen on a jury. Gaffney Dame's alleged breach centers around her recommendation that Plaintiff agree to the Agreed Entry. This recommendation was based on the circumstances of Plaintiff's child custody case. When Gaffney Dame recommended Plaintiff enter into the Agreed Entry, Plaintiff was in a deployable infantry unit of the U.S. Marine Corps. and was stationed in North Carolina. (Compl., Doc. 1, ¶¶ 10-11.) Plaintiff also "wanted to make a career of the military" at that time and did not want full custody of A.L. until he was out of the military. (Wieszczek Dep., Doc. 15, Pg. ID 66.) Based on these circumstances, Gaffney Dame had to exercise her professional discretion to determine the best strategy. Whether she failed to adequately exercise such discretion is not "so obvious" or within the common understanding of a lay person.

Also, the determination that Plaintiff relinquished his exclusive right to custody over A.L. was determined originally by Magistrate Judge Stueve. (*See* Magistrate Judge Trial Order, Doc. 15-23.) This determination was made based on Magistrate Judge Stueve's interpretation of Ohio law. (*Id.* at 251-253.) Magistrate Judge Stueve's findings were upheld by Judge Kirby, and affirmed by the Twelfth Appellate District of Ohio. (*See* Order Overruling in Part Wieszczek Objections, Doc. 15-25; see also Appeal Order, Doc.

---

[1] Defendants also argue that they are entitled to summary judgment because Plaintiff cannot establish genuine issue of material fact as to whether Gaffney Dame breached her professional duty, that such alleged breach proximately caused Plaintiff's alleged damages, or that Plaintiff suffered damages. That said, because the Court finds that expert evidence was necessary, the Court need not address such arguments.

15-27.) Judge Kirby and the Twelfth District also interpreted Ohio law to come to their conclusions. (*See id.*) Whether Gaffney Dame's failure to come to the same conclusion as Magistrate Judge Stueve, Judge Kirby, and the Twelfth District based on Ohio law is not "so obvious" or within the common understanding of a lay person. Thus, expert testimony is required here to determine whether Gaffney Dame breached her professional duty arising from the attorney-client relationship she had with Plaintiff.

Plaintiff failed to retain an expert within the allotted discovery period. The original Calendar Order outlined all relevant discovery deadlines, including expert discovery deadlines. (*See* Calendar Order, Doc. 7.) Plaintiff needed to produce expert designations and reports by August 1, 2022. (*Id.* at 37.) Plaintiff never requested an extension of this deadline. Rather, Plaintiff failed to submit expert reports to Defendant. (*See* Pl. Response in Opp., Doc. 25, Pg. ID 845.) This failure is fatal.

Plaintiff states that he designated Jeffrey Rollman, Attorney at Law, of Rollman & Conyers, as an expert witness "as recently as January 31, 2023." (Pl. Response in Opp., Doc. 25, Pg. ID 845.) First, Plaintiff does not submit any evidence to support this claim. In any event, even if Plaintiff did designate Mr. Rollman as an expert witness, such designation on January 31, 2023 falls outside of Plaintiff's deadline to produce expert designations and reports. And an expert designation alone is not enough. Fed. R. Civ. P. 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present" expert evidence. And "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specifically employed to provide expert

testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B). This Court has found that failure to provide an expert report results in exclusion of an expert witness's testimony at trial. *Carte v. Loft Painting Co., Inc.*, No. 2:19-cv-178, 2011 WL 2020731, at *2 (S.D. Ohio May 24, 2011). Plaintiff failed comply with Fed. R. Civ. P. 26(a)(2), and such failure would result in the exclusion of any expert testimony.

Because expert testimony is required, and Plaintiff cannot present expert testimony to a jury, Defendants are entitled to summary judgment as a matter of law.

### CONCLUSION

Based on the above analysis, the Court **GRANTED** Defendants' Motion for Summary Judgment (Doc. 24). Plaintiff's Complaint (Doc. 1) is **DISMISSED** with prejudice. This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

9